United States District Court
Southern District of Texas
**ENTERED**
November 17, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| SHELIA JACKSON-MOORE, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-5823 |
| | § | |
| CYPRESS-FAIRBANKS INDEPENDENT SCHOOL DISTRICT; | § | |
| | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

Pending before this Court is Defendant Cypress-Fairbanks Independent School District's ("CFISD" or "Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. No. 5). Plaintiff Shelia Jackson-Moore ("Jackson-Moore" or "Plaintiff") has responded in opposition. (Doc. No. 6). CFISD has replied in support of its motion. (Doc. No. 7). After considering the motion and the law, the Court hereby **GRANTS** CFISD's Motion to Dismiss.

## I. Factual Background

This case arises out of an employment relationship. CFISD hired Jackson-Moore—an African American woman—on January 13, 2026 as a "substitute paraprofessional." (Doc. No. 4 (First Amended Complaint [FAC]) at 2). Jackson-Moore was assigned to an early-childhood special education classroom. (*Id.*). Jackson-Moore alleges that, on January 22, 2026, she witnessed a male student inappropriately touching a female student and himself. (*Id.* at 3). After asking the student to stop, she allegedly reported these events to two other classroom teachers. (*Id.*). Later that same day, Jackson-Moore allegedly "observed a student who appeared to be severely overweight being repeatedly given snacks and excessive food." (*Id.*). Jackson-Moore reported this to school officials as well. (*Id.*).

At the end of that school day, Jackson-Moore was summoned to the principal's office, where she was informed that she was "not a good fit" for her current position and that several employees had written statements accusing her of misconduct. (*Id.*). Jackson-Moore alleges that she was asked to, and did, provide a written statement, and was subsequently terminated on January 27, 2026. (*Id.* at 4).

Jackson-Moore has now brought suit against CFISD, alleging claims for Title VII retaliation, Title VII race discrimination, and breach of contract. CFISD has moved to dismiss all of these claims.

## II. Legal Standard

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual

assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. Analysis

CFISD has moved to dismiss all of Jackson-Moore's claims. The Court will address each in turn.

### A. Title VII retaliation

To state a claim for retaliation under Title VII, a plaintiff must plausibly allege that: "(1) the employee engaged in an activity protected by Title VII; (2) the employer took an adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action." *Cooper v. Dallas Police Ass'n*, 278 F. App'x 318, 320 (5th Cir. 2008).

CFISD argues that Jackson-Moore has failed to state a claim for retaliation because she has not alleged that she engaged in an activity protected by Title VII. "Protected activity is defined as opposition to any practice rendered unlawful by Title VII . . . ." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003). Jackson-Moore concedes this point: "The First Amended Complaint does not allege that, before the January 27 termination, Plaintiff opposed race discrimination or another employment practice made unlawful by Title VII." (Doc. No. 6 (Plaintiff's Response) at 6).

That being the case, CFISD's motion is **GRANTED** with respect to Jackson-Moore's claim for retaliation under Title VII. This claim is hereby **DISMISSED** with prejudice.

**B. Title VII race discrimination**

To state a claim for discrimination under Title VII, a plaintiff must plausibly allege that she "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) . . . other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 359, 360 (5th Cir. 2004).

CFISD argues that Jackson-Moore has not plausibly alleged that other similarly situated, non-black employees were treated more favorably. The only allegation in the FAC which is arguably targeted at this element is the allegation that CFISD credited the statements of Hispanic employees over those of Jackson-Moore in deciding to terminate Jackson-Moore. As Jackson-Moore acknowledges in her response, (Plaintiff's Response at 5), these witnesses are not plausible comparators. There is no allegation that any *similarly situated* non-black employee was treated differently than Jackson-Moore. That being the case, CFISD's motion is **GRANTED** with respect to Jackson-Moore's claim for discrimination under Title VII. This claim is hereby **DISMISSED** with prejudice.

**C. Breach of contract**

Under Texas law, the elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007).

CFISD argues that Jackson-Moore has failed to plausibly allege the existence of a valid contract with CFISD. The FAC alleges that "Plaintiff and Defendant had an employment relationship governed by written and/or implied contractual terms, policies, and requirements applicable to Plaintiff's assignment." (FAC at 6). As an initial matter, any implied contract with

CFISD would be unenforceable as a matter of law. *See* TEX. LOC. GOV'T CODE §§ 271.152; 271.151(2) (waiver of governmental immunity in breach of contract suits limited to written contracts). That being said, Jackson-Moore has not plausibly alleged the existence of a written contract. Here, too, Jackson-Moore concedes this point in her response: "The First Amended Complaint does not identify a signed or otherwise properly executed written agreement for goods or services that would establish the asserted waiver." (Plaintiff's Response at 9).

That being the case, CFISD's motion is **GRANTED** with respect to Jackson-Moore's claim for breach of contract. This claim is hereby **DISMISSED** with prejudice.

**D. Leave to amend**

Throughout Jackson-Moore's response, she urges the Court to allow her leave to amend her pleading a second time if the Court finds the claims in the FAC to be defective. She does not, however, identify any additional, non-pleaded facts that would tend to make her claims more viable. "While it is true that 'the court should freely give a party leave to amend its pleadings when justice so requires,' it need not do so where the plaintiff "fails to apprise the district court of the facts that he would plead in an amended complaint, if necessary, to cure any deficiencies." *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (quoting FED. R. CIV. P. 15(a)(2)). This is exactly the situation here. Leave to amend is **DENIED**.

## IV. Conclusion

For the foregoing reasons, CFISD's Motion to Dismiss, (Doc. No. 5), is **GRANTED**. Jackson-Moore's claims are dismissed with prejudice.

It is so ordered.

Signed on this the 17th day of November 2026.

Andrew S. Hanen
United States District Judge